12612

STATE v. McALISTER

(147 S. E., 310)

*Messrs. Watkins & Prince,* for appellant,

*Solicitor Leon W. Harris,* and *Mr. G. Cullen Sullivan,* for the State.

March 13, 1929.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

The defendant was arraigned and tried on a charge of murder at the February term, 1928, of the Court of general sessions for Anderson County. He was charged with the murder of Gus Mitchell on January 31, 1928. The verdict was guilty of manslaughter with recommendation to mercy, and guilty of carrying concealed weapons, and the defendant was sentenced to penal servitude for a period of from two years to four years. Notice of intention to appeal was given in due time.

The exceptions are:

"1. Because his Honor erred, it is respectfully submitted, in admitting evidence, over the objection of defendant, a diagram or sketch purporting to show the locus of the homicide and the relative location of the various positions of the physical objects on the ground having a bearing on the action of the participants, the error being that this diagram was admittedly not accurate or correct; that its accuracy or correctness were not sworn to or verified by the person making the same, or any other witness; that it was, therefore, inadmissible under the documentary evidence rule, and was prejudicial to the defendant, because it gave to the jury a distorted view of the action of the fatal encounter.

"2. Because his Honor erred in charging the jury as follows: 'Now the law has defined sufficient legal provocation to mean, that where one man is unexpectedly assaulted by another, or unexpectedly and in an insulting manner spit upon or slapped, so as to raise a sudden anger on his part, and he shoots under that condition, under that circumstance, he would be guilty of manslaughter, and not murder. So that if a man is assaulted suddenly by another, struck by another in a sudden manner, in an angry manner, and he in response to that fires the fatal shot, without malice, he wouldn't be guilty of murder, he would be guilty of manslaughter. Now, the same way if a man isn't struck himself but some member of his family is suddenly struck, or some sudden assault is made upon another, and he in a sudden heat of passion upon

a sufficient legal provocation of that sort, shoots and kills, why it would be manslaughter and not murder.'

"The error being that such charge excluded from the consideration of the jury the defendant's plea of self-defence; that said charge constituted a direct pronouncement by the Court of the guilt of the defendant of manslaughter, and that the subsequent charge of the law of self-defence could not remove the impression created by this charge.

"3. His Honor erred in charging the jury as follows: 'And in order to show the plea of self-defence, it is necessary for the defendant to show by all of the testimony in the case certain things under the law.'

"The error being that this is an incorrect statement of the law, in that it is not necessary for the defendant, in establishing his plea of self-defence, to show by 'all' of the testimony the necessary elements of the defence. It is sufficient if, by any competent testimony, he establishes his defence, even though there may be conflicting testimony, and it was prejudicial error for the Court to charge to the contrary.

"4. Because his Honor erred in charging the jury as follows: 'First, he must show that he was without fault in bringing on the fatal encounter. Well, I think I can illustrate that to you. A man under the law is not permitted to provoke a difficulty or to put his antagonist into a condition where he would later take advantage of him and kill him, or he must not be the aggressor, he must be without fault in bringing on the difficulty. If he is the aggressor, or if he provokes it, or if he is responsible for bringing on the fatal encounter, then he could not claim that he acted in self-defence in taking the life of another.'

"The error being that this is an incorrect proposition of law, because one might be an aggressor, or he might be responsible for bringing on an encounter, and yet be legally without fault."

The exception as to admission of the diagram in the evidence is overruled, as the Court said at the time:

"The Court: Well, I think it would be admissible as a sketch; that it doesn't purport to be drawn on a scale; and that it is only admissible for the purpose of explaining what this witness has testified relative to the location of the points that he has referred to. Of course, the jury understands that it is not a map made by an engineer, or made to scale, or anything of that sort."

And the brief also shows: "At the conclusion of the testimony the Court, defendant, attorneys for prosecution and defence, and jury went to view the premises, at which time it was agreed by both sides and the jury was shown the school building, the various tents referred to in the testimony, the tree where the mule was hitched and place where Mitchell struck McAlister and where defendant shot Mitchell."

The exceptions to the Judge's charge are overruled. The charge was unusually full and comprehensive and free from error.

All exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER and CARTER concur.